THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANDERSON LAVAL, Appellant.—

No opinion. Rabin,

Munder and Martuscello, JJ., concur; Christ, P. J., and Hopkins, J., dissent and vote to vacate the judgment of conviction and to remand defendant for resentence, with the following memorandum: At the hearing the evidence established that defendant, sentenced on May 5, 1965 on his plea of guilty, had not been informed by his assigned counsel that he had a right to appeal and that he was unaware of his right to appeal. Assigned counsel testified that it was not his practice or the practice of Legal Aid Society attorneys to advise a defendant who had pleaded guilty that he had a right of appeal. At that time former rule 9 of the Rules of the Administrative Board of the Judicial Conference was in effect and provided that it was the duty of assigned counsel " to advise the defendant as to his right of appeal, the time limitations involved and the manner of instituting an appeal and of obtaining a transcript of the testimony "; the rule also provided that assigned counsel should ascertain whether the defendant desired to appeal, and to prepare and file a notice of appeal if the defendant so stated in writing. In opposition to defendant's claim, the testimony of correction officers was produced, showing that defendant was received in Sing Sing Prison on May 12, 1965 and that an orientation course at the prison included information to a prisoner that he had a right of appeal. However, there was no testimony that this defendant had actually been given any instructions as to his right of appeal. In our opinion, the determination of the court, after hearing this evidence, that defendant was aware of his right to appeal and did not exercise it cannot be supported by the record. The evidence of the practice at the prison is so vague and remote that it is lacking in probative force. The testimony of Correction Officer Leary that groups of incoming prisoners were advised that " anyone filing a notice of appeal is advised to see the Officer in charge " does not establish that defendant then knew *he* had a right to appeal. A defendant may know that others have a right of appeal without being aware that he too has that right. In any event, it cannot substitute for the plain language of the rule which imposes the duty on assigned counsel. During the week's time — May 5 to 12, 1965 — that defendant was still within the jurisdiction of Kings County, he could have been told of his right to appeal and received assistance from assigned counsel to exercise it. Between May 12, 1965 and two weeks thereafter — or until May 26, 1965 — he was receiving an orientation course, but whether or when he received advice as to his right of appeal is not shown. At best, this left him a comparatively short time — until June 4, 1965 — to file his notice of appeal. For these reasons, we think that the relief sought by defendant should have been granted and he should be remanded for resentence, so that he may then file a notice of appeal.